UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FRANK PEREZ-MEDINA,                                                      Petitioner,

v.                                                          Civil Action No. 3:26-cv-364-DJH

JEFF TINDALL, Jailer, Oldham County
Detention Center et al.,                                               Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Frank Perez-Medina, a noncitizen resident of Kentucky currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and the respondents have submitted a response brief setting out their respective legal arguments (D.N. 6). After careful consideration, the Court will grant Perez-Medina's petition for the reasons explained below.

**I.**

Perez-Medina is a native and citizen of Cuba.  (D.N. 1, PageID.4 ¶ 19; *see* D.N. 6-1, PageID.41)  He entered the United States on April 13, 2024, and was detained by immigration authorities. (*See* D.N. 6-1, PageID.42)  Perez-Medina was placed in removal proceedings the same day via a Notice to Appear, which designated him as an "arriving alien."  (D.N. 6-2, PageID.44) Perez-Medina was subsequently paroled into the United States.[1]  (*See* D.N. 1, PageID.5 ¶ 19;

---

[1] Although the record does not state under what authority Perez-Medina was paroled (*see* D.N. 6-1, PageID.42), the parties' arguments suggest that Perez-Medina was paroled pursuant to 8 U.S.C.

D.N. 6-1, PageID.42)  The government terminated Perez-Medina's parole on April 18, 2025.  (*See* D.N. 6-1, PageID.42)  Perez-Medina was also released on an order of recognizance, which the government has since canceled.[2]  (*See* D.N. 6-4, PageID.49)  On February 25, 2026, Perez-Medina was arrested by the Jefferson County Sheriff's Department "while trying to register his vehicle." (D.N. 1, PageID.5 ¶ 22)  He was charged with "False Statement in Registration Application" and "Forgery, 2nd Degree" under Kentucky law.  (*Id.*)  Federal immigration authorities then took Perez-Medina into custody pursuant to an immigration detainer.  (*See* D.N. 6-1, PageID.42)  He remains detained at the Oldham County Detention Center in La Grange, Kentucky.  (D.N. 1, PageID.3 ¶ 11)

Perez-Medina seeks a writ of habeas corpus against Oldham County Jailer Jeff Tindall, the Chicago U.S. Immigration and Customs Enforcement Field Office Director, Department of Homeland Security Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche.  (*See id.*, PageID.4 ¶¶ 15–18)  Perez-Medina alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.10–14 ¶¶ 44–57)  Perez-Medina asks the Court to order his immediate release.  (*See id.*, PageID.14)  Respondents argue that (1) Perez-Medina is detained under 8 U.S.C. § 1225(b)(2) as an "arriving alien" despite the end of his parole and (2) his detention does not violate due process under that provision.[3]  (*See* D.N. 6, PageID.31–39)

---

§ 1182(d)(5)(A).  (*See* D.N. 1, PageID.9 ¶ 42; D.N. 6, PageID.32–35)  Parole under that provision "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

[2] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole."  *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[3] Respondents do not contest that the Court has jurisdiction to review Perez-Medina's petition (*see generally* D.N. 6).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality

2

**II.**

**A.**     **Immigration and Nationality Act**

Perez-Medina asserts that 8 U.S.C. § 1226(a) governs his detention and that he is entitled to a bond hearing.  (*See* D.N. 1, PageID.13–14 ¶¶ 54–57)  Respondents argue that § 1225 requires Perez-Medina's detention.  (*See* D.N. 6, PageID.31–35)

The Court previously addressed nearly identical arguments regarding a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the petitioner was designated as an arriving alien; he was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired.  *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he (1) was not automatically returned to mandatory detention; (2) remained an applicant for admission; and (3) was no longer an "arriving alien."  *See id.* at *2–3.  The Court further explained that § 1225(b)(2) did not apply to the petitioner's detention because although he was an applicant for admission, he was not "seeking admission" as that provision requires.  *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States.  *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)).  The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the process of arresting and detaining [noncitizens] once inside the

---

of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Perez-Medina must exhaust administrative remedies.  (*See generally* D.N. 6)  Therefore, the Court will not address these issues.

3

United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)).

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–24. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, immigration authorities detained Perez-Medina in the United States after his parole ended. (*See* D.N. 6-1, PageID.42) Like the petitioner in *Quintero*, Perez-Medina is an applicant for admission because he has not been admitted to the United States. (*See* D.N. 1, PageID.4–6 ¶¶ 19–27; D.N. 6-1, PageID.42) And like the petitioners in *Lopez-Campos*, Perez-Medina is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained him upon entry (*see* D.N. 1, PageID.4–6 ¶¶ 19–27; D.N. 6-1, PageID.42). *Lopez-Campos*, 175 F.4th at 723. Therefore, § 1226(a), not § 1225(b)(2), governs Perez-Medina's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not

4

requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).  Perez-Medina is thus entitled to a bond hearing.  *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

## B.    Due Process

Perez-Medina asserts that his detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.10–13 ¶¶ 44–53)  Respondents argue that Perez-Medina's detention comports with due process under § 1225(b)(2).  (*See* D.N. 6, PageID.36–39)  Because Perez-Medina is detained under § 1226(a), not § 1225(b)(2), Respondents' due-process argument is inapposite.

Because Perez-Medina has not received a bond hearing (*see generally* D.N. 1; D.N. 6), the Court must determine the proper remedy.  *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026).  In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  175 F.4th at 734.  But the Sixth Circuit did not require a particular remedy for that violation.  *See id.* at 732–34.  "Habeas has traditionally been a means to secure release from unlawful detention."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted).  Consistent with that understanding, this Court and others addressing the same legal issue have ordered noncitizens' release upon finding a due-process violation.  *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite*, 808 F. Supp. 3d at 494 (ordering

petitioner's release and that respondents not re-detain petitioner "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with these decisions, the Court concludes that Perez-Medina's detention without a bond hearing violates due process and will order his immediate release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Perez-Medina's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Perez-Medina, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **June 19, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 17, 2026

David J. Hale, Chief Judge
United States District Court